Michael Copp, Defendant in Error, v. J. M. Hardy, Administrator of Keziah Reimel, Deceased, Plaintiff in Error.

Kansas City Court of Appeals, December 10, 1888.

1. **Practice**: INSTRUCTIONS: PROVINCE OF COURT CONCERNING. It is not the province of the trial court to select certain facts shown by the evidence and tell the jury how much and what weight they shall give to such facts, or whether they shall give such evidence any weight at all.

2. ———— : EVIDENCE : OFFER TO PRODUCE MUST BE SPECIFIC. The offer of evidence to show a particular defense going to the defeat and overthrow of a claim must be sufficiently specific to show to the court the full scope of the intended investigation, or the court will be justified in excluding the evidence. But evidence ought never to be adjudged irrelevant which, according to ordinary experience and the common observation of the motives and conduct of men, may fairly be supposed to influence and persuade candid and intelligent minds.

3. **Witnesses**: WHEN WIFE NOT COMPETENT FOR HER HUSBAND : CASE ADJUDGED. The wife of plaintiff in this case was not a competent witness to prove her own agency for her husband ; her agency must appear *aliunde* her own testimony.

*Error to Cooper Circuit Court.*—Hon. E. L. Edwards, Judge.

Reversed and remanded.

The case is stated in the opinion.

*Hazell & Pash* and *Cosgrove & Johnston,* for plaintiff in error.

(1) The court erred in giving instruction numbered two, asked by plaintiff. (*a*) It singles out evidence from the mass of testimony and instructs the jury as to what conclusions follow, which is error. *Pourcelly v. Lewis,* 8 Mo. App. 593; *Kendig v. Railroad,* 79 Mo. 207. (*b*) It singles out particular facts, elements of proof bearing on the question of plaintiff's right to recover, and told the jury that neither of those facts would prevent a recovery in this case. It was for the jury to respond to the probative force of these facts, and the defendant was entitled to have them considered by the jury in connection with all the facts and circumstances in proof. *Weil v. Schwartz,* 21 Mo. App. 372; *Jones v. Jones,* 57 Mo. 138; *State v. Smith,* 53 Mo. 267. (2) The court erred in refusing to permit defendant's administrator to testify to the value of Mrs. Reimel's estate. *Darby v. Knapp,* 2 Mo. App. 486; *Smith v. Vincent,* 15 Conn. 1; *Olmstead v. Hoyt,* 11 Conn. 376; 38 Am. Dec. 52. The only contract between Mrs. Reimel and the plaintiff for the payment for her board and maintenance was an implied one. There is no proof of an express contract between them. It was therefore competent to prove the pecuniary circumstances of Mrs. Reimel, and her ability to pay in order to fairly determine what, if anything, she should pay to plaintiff for her support and care. *McGono v. Irsin,* 44 Am. Dec. 409. (3) The court erred in permitting the wife of plaintiff to testify to acts done by her as agent of her husband without first having proof of such agency from

some other source than the wife herself. She was not a competent witness to prove her own agency. *Williams v. Williams*, 67 Mo. 661; *Mfg. Co. v. Tinsley*, 75 Mo. 458.

*Walker & Johnson* and *Draffen & Williams*, for defendants in error.

(1) When matters have been introduced before a jury which are wholly immaterial, the court may guard them against being misled thereby. The instruction complained of did not single out certain facts having a tendency to defeat plaintiff's case, and declare the weight to be given them, but told the jury that certain matters were wholly immaterial. The defendant was not injured by this instruction. (2) There was no error in excluding evidence as to the value of Mrs. Keziah Rimel's estate. Plaintiff was entitled to recover the reasonable value of his services in caring for her. The amount of her property could not have reduced plaintiff's recovery below the reasonable value thereof. By showing that plaintiff was a woman of large means, and required many extra attentions, plaintiff might have enlarged his verdict, but it is difficult to see how the value of her board and the care and attention rendered her could be reduced by showing the amount of her property. If the services are the same, the reasonable value thereof must be the same in the eye of the law, whether the recipient is rich or poor. Defendant sustained no injury by this ruling of the court. He did not state what he expected to prove the estate was worth. So far as the record shows, the witness may have stated that the estate was very valuable. The defendant must show that he was injured by the ruling of the court. Merely asking a question, without stating the answer expected to be elicited, is insufficient to show that there was material error in excluding the question. *Schlicker v. Gordon*, 19 Mo. App. 479; *State ex rel. v. Leland*, 82 Mo. 260. (3) There was no error in permitting Mrs. Copp, the wife of plaintiff, to testify.

Keziah Rimel, in her lifetime, had stated to the witness Wm. McClanahan that her daughter Mrs. Copp had bought all of her clothing. L. L. Chilton also testified that Mrs. Copp purchased the goods to which she testified. This evidence was sufficient to establish her agency. Her evidence was only corroborative of other evidence. She only testified to buying $25.25 worth of goods during the time deceased resided with plaintiff. The defendant was not injured by this testimony, as all the evidence showed that the clothing of the deceased during that time was furnished by plaintiff, and certainly twenty-five dollars was a reasonable price for it. A case can only be reversed for material error against appellant. *Hedecker v. Ganzhorn*, 50 Mo. 154; *Jackson v. McGruder*, 51 Mo. 55; *Hicks v. Railroad*, 68 Mo. 329. The evidence of Mrs. Copp had no appreciable effect on the result. Hence, if the action of the court was erroneous, it is not reversible error. *Street v. Goss*, 62 Mo. 226; *Wilkerson v. Allen*, 67 Mo. 502.

ELLISON, P. J.—This was a proceeding commenced by the plaintiff in the probate court of Moniteau county, Missouri, against the estate of Keziah Reimel, deceased, on the following account filed for probate: "Boonville, Mo., January 20, 1887. James Hardy, administrator of the estate of Kizzy Reimel, deceased, Dr. To Michael Copp,—To support, maintenance, care, nursing and board of Kizzy Reimel, deceased, from Nov. 29, 1882, up to the time of her death, which was Feb. 2, 1884, being 430 days, at $2.50, $1,075.00; to cash paid out for her, $52.00; by cash received of T. H. Winterbower, $20.00; to balance $1,107.00; to 3 years interest on same at 6 per cent., $199.26, $1306.26." A trial was had before a jury in the probate court which resulted in a verdict for plaintiff for $228.80, from which plaintiff appealed to the circuit court of Moniteau county, from whence said cause was removed, on application of plaintiff, to the circuit court of Cooper county, Missouri. At the February term, 1888, of the latter court, the cause was tried before a jury resulting in a verdict for the plaintiff for five

hundred dollars, from which the administrator has brought the cause to this court by writ of error.

I. The deceased, in her lifetime, conveyed all of her real estate to her son, Abram Reimel, in consideration that he would furnish her a home and support and maintain her during her life. Her son gave to her an instrument in writing reciting that this was the consideration for the land. Soon thereafter the son died, and on November 29, 1882, she removed to plaintiff's, who is her son-in-law, and, as is alleged, became liable to him by reason of an implied contract for furnishing her a home, and supporting and maintaining her. This contract is asserted by the plaintiff and disputed by defendant. A witness for plaintiff testified that he "heard her [deceased] say on one occasion that she gave her son Abram a piece of writing or deed by which he, Abram, was to get his pay for keeping her, out of her land. Abram was to keep her during her life, for which he was to receive her land. Abram died before his mother and she gave Copp [the plaintiff] the writing so he would get his pay for keeping her." There was evidence for defendant tending to show that plaintiff went to the administrator of the estate of Abram Reimel and had him draw off an account against said estate for the board of deceased for the time included in the account here sued on ; that this account was for $548.20 and was all that was then claimed to be due by plaintiff for board and care of deceased ; that said administrator of Abram Reimel gave plaintiff, at one time, twenty dollars with which to purchase clothing for deceased ; that plaintiff afterwards brought suit against said administrator of the estate of Abram Reimel in the circuit court, in which he claimed the sum of $1,067.00 for the same period covered by the account in this suit, and that that suit was afterwards dismissed.

Under this state of the evidence, the court instructed the jury for plaintiff, over defendant's objection, as follows :

"2. The jury are instructed that the fact that the plaintiff made no contract with T. H. Winterbower.

administrator of the estate of Abram Reimel, for the maintenance of the deceased cannot prevent his recovery in this case, nor can the fact that subsequent to her death he presented an account against the estate of said Abram Reimel and afterwards brought suit against said Winterbower as administrator of said estate, or individually, prevent a finding for plaintiff upon the cause of action, sued on in this case."

" This instruction was clearly wrong ;. it is not the province of the court to select certain facts shown by the evidence, and tell the jury how much and what weight they shall give to such facts, or whether they shall give such evidence any weight at all." *State v. Smith*, 53 Mo. 267 ; *Fine v. St. Louis Public Schools*, 30 Mo. 156 ; *Jones v. Jones*, 57 Mo. 138. It is insisted by plaintiff that the evidence referred to by the instruction was wholly immaterial and that the instruction was to merely guard the jury against its consideration. But is not the testimony material in a case like this, where so much depends on the actual intention of the parties to the alleged contract ? There was evidence in the case which had a tendency to show that deceased son, Abram Reimel, had received the consideration for keeping her during her life, and that the paper evidencing this fact was given to plaintiff by deceased, with a view, as may be inferred, to his getting remuneration from the estate of Abram, Abram, as said, having already received the consideration for the service plaintiff was then performing. That plaintiff may have had this view is evidenced by the fact that he first presented this claim against the son's estate and finally sued that estate. It might very well be said that plaintiff, seeing the son already had received the consideration for the contract he had not. fully carried out, intended to hold the son's estate but did not intend to charge deceased. Is it not a reasonable inference, from the evidence, that plaintiff before and immediately after deceased's death would have disclaimed any intention to make claim against her for this account ?

In addition to these suggestions, it appears that plaintiff at first claimed there was a special contract for deceased's support between him and Abram's administrator. These matters, in my opinion, have a material tendency in defendant's favor on the issue of intention. They will not *prevent* a finding for plaintiff, but they are matters which should be considered by the jury along with all other evidence in the cause and should not have been singled out for comment.

II. Defendant undertook, but was not permitted to show, what means deceased had. He was not sufficiently specific and did not state that he intended to carry the investigation back to the time deceased went to plaintiff's house, or even through the time she was there, and for these reasons the court's action, as the matter was presented, was correct; but as the case is to be re-tried we will nevertheless consider the question. The object of such evidence was not, as I judge plaintiff understood it, to reduce the amount of the claim, but was to show that plaintiff had no claim, for any amount, by reason of not having had an intention at the time to charge. It went to the issue of intention, which is the all-important one in cases of this nature. Suppose an aged and absolutely penniless mother is taken in for shelter and maintenance by a son or daughter. Her age and decrepitude will suggest that nothing can be expected in the way of future acquisitions, and her present indigence will suggest that nothing can be expected at the time; do not these things have a tendency to show a non-expectation of pecunary reward? Are they not conducive respecting the question of *intention?* I think for such purpose, such evidence is admissible. I think the reasoning of the court in *Olmstead v. Hoyt*, 11 Conn. 376, though not a case like this, is yet applicable to this question. It is there said that "evidence ought never to be adjudged irrelevant, which, according to ordinary experience, and the common observation of the motives and conduct of men, may fairly be supposed to influence and persuade candid and intelligent minds."

III. The wife of plaintiff was not a competent witness to prove her own agency for her husband, the plaintiff, and on re-trial all difficulty and objection on this head can be obviated by making her agency appear *aliunde* her own testimony. The judgment, with the concurrence of the other judges, is reversed and cause remanded.