| 33 | 555 |
| 48 | 447 |
| 33 | 555 |
| 51 | 419 |
| 51 | 503 |
| 33 | 555 |
| 122m | 278 |
| 33 | 555 |
| 71 | 424 |
| 33 | 555 |
| 88 | 576 |

ELIZABETH MITCHELL, Respondent, v. THE CITY OF PLATTSBURG, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. **Municipal Corporation :** LIABILITY OF, FOR DEFECTIVE SIDE-WALK : SUFFICIENCY OF PETITION : NOTICE OF DEFECT. Where the petition charges that defendant carelessly and negligently suffered and permitted a board or boards on a sidewalk to become and remain loose, and not nailed or fastened to the stringers or sills thereunder, which were rotten and decayed, whereby one of said planks was removed and out of its place, leaving a dangerous hole in said sidewalk ; and plaintiff stepped or fell into said hole, *held* that certain objections to the allegation, "stepped, or fell, into said hole," are hypercritical, and that it is not pretended in the petition that the hole in the walk, resulting from the displacement of a board, had been there sufficiently long to charge the defendant city with notice, but that the loose board and rotten stringers had.

2. ———— : ———— : INSTRUCTION NOT A COMMENT ON EVIDENCE. An instruction which tells the jury that it did not follow that defendant was not liable because "passers-by" did not observe the defects, or because they were not of a character to attract the attention of passers-by, is not a comment on the evidence, but a direction as to the character of the defect in the walk for which defendant might be held responsible for permitting.

3. ———— : ———— : DAMAGES : AGE AND CONDITION IN LIFE CONSID-ERED IN ESTIMATING. A direction to the jury to consider plaintiff's age and condition in life in estimating her damages is approved, citing *Thomas v. Railroad*, 20 Mo. App. 485, and *Russell v. Columbia*, 74 Mo. 480, 488.

4. ——— : ———— : EVIDENCE OF REPAIRS AFTER ACCIDENT ADMISSIBLE FOR WHAT PURPOSE. Evidence of repairs made by the defendant soon after accident is not admissible for thé purpose of showing negligehce, but is properly admitted for the purpose of showing the defect was one defendant was bound to repair, following *Brennan v. City of St. Louis*, 92 Mo. 482.

5. Practice : GIVING AND REFUSING INSTRUCTIONS. The court may without error refuse an instruction asked and give one of its own which fully covers the matters at issue, and may also refuse an instruction the scope of which is sufficiently presented in instructions already given.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*J. F. Harwood* and *E. C. Hall*, for appellant.

(1) The court erred in admitting any testimony under the petition. (2) The court erred in permitting plaintiff to prove that after the accident the defendant repaired the sidewalk where plaintiff claimed to have been injured. *Morse v. Railroad*, 30 Minn. 465-8; *Nally v. Carpet Co.*, 51 Conn. 524, 531; Proof and Pleadings in Accident Cases (Black), 38, 39, 40, and cases cited; Dillon Mun. Corp. [3 Ed.] p. 1051, sec. 1027 and note; *Cramer v. Burlington*, 45 Iowa, 627. (3) The court erred in allowing plaintiff to prove defects in the sidewalk other than the hole by which plaintiff claimed to have been injured. Dillon Mun. Corp. [3 Ed.] sec. 1007. (4) The court erred in giving the first instruction asked by plaintiff. (5) The court erred in giving the second instruction asked by plaintiff, the same being a vicious comment on the evidence, and tells the jury what the logical effect of such facts is. *Koeing v. Life Association of America*, 3 Mo. App. 596. (6) The court erred in giving the instruction, numbered four, asked by plaintiff, because the condition in life of

a party injured by the default of a corporation is not, as a matter of law, an element to be taken into consideration by a jury in assessing damages. (7) The court erred in refusing to give the second instruction as prayed by the defendant. Dillon Mun. Corp. [3 Ed.] sec. 1026. (8) The court erred in giving, on its own motion, the instruction numbered two for defendant. (9) The court erred in refusing to give the third instruction prayed by defendant.

*I. M. Riley, T. J. Porter* and *Roland Hughes,* for respondent.

(1) There was no error in permitting evidence of the repairs next morning. Smith & Whitaker on Neg. 259-260 ; *Lafayette v. Weaver,* 92 Ind. 477 ; *Mandershid v. City,* 29 Iowa, 87 ; *Sewell v. City,* 11 Hun, 630 ; *Folsom v. City,* 37 Vt. 591 ; *Brennan v. St. Louis,* 92 Mo. 482. (2) The hole in the sidewalk is not the defect complained of, but such a condition of the sidewalk as resulted in the displacement of a board so as to leave a hole. (3) The instructions for plaintiff properly present the law of this case. *Squires v. Chillicothe,* 89 Mo. 226 ; *Russell v. Columbia,* 74 Mo. 480. (4) There was no error in refusing the defendant's second instruction, the court having given on its own motion an instruction which fairly presented the law. (5) The third instruction asked by defendant was properly refused, because it is comprehended in the plaintiff's first instruction and all the issues in the case had been covered by the instructions given.

ELLISON, J.—This action is for a personal injury occasioned by a defective sidewalk. The petition among other things charges : "That the plaintiff, in the night-time of the day aforesaid, was lawfully walking upon said sidewalk, on said street, and, wholly unaware of any

danger, accidentally, and without fault or negligence on her part, stepped or fell into said hole, whereby her foot and ankle were caught, and she was thrown violently upon sidewalk and into the ditch along and adjacent thereto, whereby she received great bodily injury, and was made sick and sore, and lame in her right arm and hand ; that the ligaments, tendons, sinews and bones of her right wrist and arm were severed, sprained, fractured and broken, from the effects of which she has permanently lost the use of said arm and hand ; that she suffered great pain therefrom and was thereby kept in her room and detained from her work for a long space of time, and is thereby permanently incapacitated from the performance of her daily business and domestic duties ; that she still continues, and is, permanently lame and disabled and incapacitated from earning a support, or doing her work ; that she was put to great expense for medical attendance, in the sum of seventy-five dollars for services of a physician, in trying to be cured and made well."

The answer was a general denial and the plea of contributory negligence. There was a verdict and judgment for plaintiff and defendant appeals. The cause of the injury, and the injury itself, were thus described by plaintiff : Live in the city of Plattsburg ; have lived here all my life ; I am forty-one years old; my occupation is sewing ; I sew and wash and iron and do all my house-work, and go from home when I can get work. On December 19, 1886, I was at the Methodist church at preaching. On that night I was walking along and stepped into a hole ; it threw me down by the walk into the gutter ; it was on Maple street on the north side, near the north Methodist church, near the southwest corner of the church lot and opposite Judge Porter's residence. I live in the west part of town. That was my usual route to church. I hardly ever went any other way. I was walking along and it was dark and I stepped into the hole with my left foot. Mr. Powell

helped me up. I was taken to Mr. Scott's and they sent for the doctor. After a while the children took me home. The plank that was out lay cross-ways of the walk. When I fell the top of my shoe was pulled down and two buttons broken off. I was injured, and lost the use of my wrist, and can't comb my hair, or use my scissors, nor wash. I can't lift my hand to my head. When I work hard my hand puffs up ; was confined six months. I have been unable to do any work since. I can't do my own family sewing. I suffered great pain for three or four weeks and could not sleep. I suffer with my hand and wrist now, when the weather is cloudy and damp. I have been to large expense in paying doctor bills and for medical attention. I have not seen the bill, but suppose it will amount to seventy-five dollars." Other evidence tended to show that the hole was made in the sidewalk by the removal of a board which had become loose, by reason of decayed and rotten stringers ; and that this condition had existed for a length of time sufficient for defendant's officers to have known it by ordinary care and observation ; and that defendant's officers had been aware of the condition of the walk.

I. The objections urged as to the petition stating that defendant "stepped or fell into said hole" are hypercritical. The defect in the walk which defendant is charged with negligently permitting was that the boards composing the walk at that point were laid across decayed and rotten stringers and in consequence were loose and subject at any time to become displaced. It is not pretended that the hole in the walk, resulting from a displacement of a board, had been there sufficiently long to charge the defendant with notice, but that the loose board and rotten stringers had.

By a portion of plaintiff's instruction number two, the jury were told that it did not follow that defendant was not liable "because passers-by" did not observe the

defects, or because they were not of a character to attract the attention of passers-by. Complaint is made that this was a comment on the evidence and should not have been incorporated into the instruction. There is no question but that the matter objected to is the law as declared by the supreme court in *Squires v. Chillicothe*, 89 Mo. 226 ; yet a correct statement of a legal proposition may, in certain connections, become a comment upon testimony sufficient to reverse a cause, and so we held in *Copp v. Hardy*, 32 Mo. App. 588. After consideration, I am led to believe that this is not a comment upon the evidence, but rather a direction as to the character of defect in the walk for which defendant might be held responsible for permitting. The instruction, in effect, was, that if the jury believed defects existed which caused the injury, the defendant was liable notwithstanding the character of the defects were such as might not be observed by a "passer-by." It is next objected that the fourth instruction for plaintiff, covering the measure of damages, was improper, in that it directed the jury that, in estimating plaintiff's damages, they could take into consideration "her age and condition in life." This instruction is directly supported by the cases of *Thomas v. Railroad*, 20 Mo. App. 485, and *Russell v. Columbia*, 74 Mo. 480, 488.

II. It is next assigned for error that the court permitted plaintiff to show that defendant repaired the sidewalk the morning following the accident. It was formerly held in many courts, and is still maintained by some, that such evidence was admissible, for the purpose of showing negligence. But such is not a just rule. *Brennan v. City of St. Louis*, 92 Mo. 482. "Precautions taken subsequent to an accident do not involve an admission that the prior ones were insufficient and negligent." *Nally v. Carpet Co.*, 51 Conn. 524. The question of negligence should be determined by what was known, or should reasonably have been known,

before the accident. Such evidence is, however, properly admitted for the purpose of showing that the defect was one which the defendant was bound to repair. *Brennan v. City of St. Louis, supra.*

The second instruction offered for defendant was refused, and one in its stead given by the court of its own motion, which we think fully and pointedly covered the matters at issue. The scope of the third instruction refused was sufficiently covered by those given. There were other objections called to our attention by counsel, but an examination of them satisfies us that they are not of sufficient moment to justify a reversal of the judgment. It is accordingly affirmed. All concur.