JOSEPH M. BOWLES, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Negligence:** EVIDENCE OF SUBSEQUENT REPAIRS. In an action to recover damages for personal injury occasioned by a defective sidewalk, evidence of subsequent repairs can only be admitted to show the duty of the defendant to repair, and to render such evidence admissible it must be shown that the defendant made the repairs; in no case is such evidence admissible to show negligence.

2. ———: EVIDENCE AS TO OTHER PLACES. In an action for personal injury from defective sidewalk the evidence should be confined to the place of and the immediate vicinity of the accident and to its condition at that time, and to no other place or time subsequent to the action.

3. **Witnesses:** PHYSICIAN INCOMPETENT. Before a court can declare a physician incompetent to testify as to the declarations of a party, the facts which render him incompetent under the statute must appear.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*F. F. Rozzelle,* for appellant.

(1) The court erred in allowing evidence of repairs made after the accident occurred. The fact of repairs is not evidence of negligence. *Ely v. Railroad,* 77 Mo. 34, 37; *Hipsley v. Railroad,* 88 Mo. 349, 354; *Alcorn v. Railroad,* 18 S. W. Rep. 188; *Railroad v. Clem,* 123 Ind. 15; 18 Am. State Rep. 303 *n; Dale v. Railroad,* 73 N. Y. 468; *Dougan v. Trans. Co.,* 56 N. Y. 1; *Band v. Daly,* 68 N. Y.; *Reed v. Railroad,* 45 N. Y. 574; *Salters v. Canal Co.,* 3 Hun, 338; *Payne v. Railroad,* 9 Hun, 525; *Hudson v. Railroad,* 59 Iowa, 58; *Creamer v. City of Burlington,* 45 Iowa, 627;

*Woodbury v. City of Owosso*, 64 Mich. 239; *Lang v. Sanger*, 76 Wis. 71; *Railroad v. McGowan*, 73 Tex. 355; *Railroad v. Hennessy*, 75 Tex. 155. (2) The court erred in admitting evidence of the condition of the sidewalk not confined to the immediate point of the injury. A city cannot be charged with notice of a defect in a sidewalk whereby an accident was caused by evidence of other defects in other parts of the sidewalk. *Goodson v. City of Des Moines*, 20 N. E. Rep. (Iowa) 173; *Hipsley v. Railroad, supra; Kinney v. Railroad*, 70 Mo. 251; *Moody v. Railroad*, 68 Mo. 470; *Reed v. Railroad*, 60 Mich. 227; *Lester v. Railroad*, 60 Mo. 265. (3) The court erred in admitting testimony as to the condition of the sidewalk after the injury. (4) The court erred in refusing to allow plaintiff's witness, Carter, to testify whether the statement made by the doctor to Bowles as to what was the matter with his arm was made in the presence of witness, and that the examination of the arm was made in witness' presence; also in refusing to allow defendant to show by Dr. Clark the condition of plaintiff's arm at the time he examined it, it having been shown that a third party in no way needed, and who in no way assisted in such examination, was present. *Weinstein v. Reid*, 25 Mo. App. 41, and cases cited; Greenleaf on Evidence [14 Ed.] sec. 245, note *a;* Thompson on Trials, sec. 296.

*Ben T. Hardin*, for respondent.

(1) The court below committed no error in admitting evidence of the removal of the sidewalk in question immediately after the injury. Such evidence is admissible, not for the purpose of showing past negligence on the part of the defendant, but for the purpose of showing that the defect was one which the defendant was bound to repair. If appellant desired it

restricted to that purpose it should have asked an instruction to that effect. *Brennan v. City of St. Louis*, 92 Mo. 482; *Mitchell v. City of Plattsburg*, 33 Mo. App. 555; *Alcorn v. Railroad*, 18 S. W. Rep. 188; *Hoyt v. Railroad*, 118 N. Y. 399, and cases cited; *Searles v. Railroad*, 49 N. Y. 425; *Wooley v. Railroad*, 83 N. Y. 121; *Railroad v. Weaver*, 35 Kan. 412; *Railroad v. McKee*, 37 Kan. 603; *City of Abilene v. Hendricks*, 36 Kan. 196; *City of Emporia v. Schmidling*, 33 Kan. 485; *Kelly v. Railroad*, 28 Kan. 98; *Phelps v. City of Mankato*, 23 Kan. 279; *Railroad v. Chase*, 11 Kan. 47; *Railroad v. Miller*, 2 Col. 443, 468, 469; *Railroad v. McElwee*, 67 Pa. St. 311, 314; *Readman v. Conway*, 126 Mass. 374; *Shinners v. Proprietors, etc.*, 28 N. E. Rep. 10; 154 Mass. 168; *Westfall v. Railroad*, 5 Hun, 75, distinguishing *Dougan v. Trans. Co.*, 56 N. Y. 1; *Harvey v. Railroad*, 19 Hun, 556; *Brehm v. Railroad*, 34 Barb. 256. And for the purpose of showing an acceptance of the highway as previously dedicated: *Brennan v. St. Louis*, 92 Mo. 482; *LaFayette v. Weaver*, 92 Ind. 477; *Manderschild v. Dubuque*, 29 Iowa, 87; *Folsom v. Underhill*, 36 Vt. 580; *Fewell v. City of Cohoes*, 11 Hun (N. Y.) 630; *Dougan case*, citing *Manderschild case*, and *Folsom case, supra*, and affirmed in *Sewell case*, 75 N. Y. 45; *Dale v. Railroad*, 73 N. Y. 468. (2) No error was committed by not confirming the testimony to "the immediate point of injury." *Hipsley v. Railroad*, 88 Mo. 349, *loc. cit.* 354. (3) The court committed no error in refusing to allow Carter to testify about a statement made "by the doctor to Bowles." The case of *Weinstein v. Reid*, 25 Mo. App. 41, cited by appellant is not in point. If it had been offered to show by Carter what Bowles said to the doctor, a very different question would arise here. It is the doctor or lawyer who is the privileged character, and not the client, provided the client or patient claims the privilege

for him. "If the client sees fit to be a witness, he is liable to cross-examination in respect of communications made by himself to his counsel." 1 Thompson on Trials, sec. 296, cited by appellant. It was not competent for appellant to show anything by introducing Dr. Clark, plaintiff's physician. *Streeter v. City of Breckenridge*, 23 Mo. App. 244; Revised Statutes, 1889, sec. 8925, and cases cited; *Groll v. Tower*, 85 Mo. 249; *Carrington v. City of St. Louis*, 89 Mo. 208; *Squires v. City of Chillicothe*, 89 Mo. 226. Plaintiff may waive the privilege, however, for the doctor, and call him as a witness. *Davenport v. City of Hannibal*, 18 S. W. Rep. 1123, citing above authorities; *Blair v. Railroad*, 89 Mo. 334.

SMITH, P. J.—This action is to recover damages for personal injuries alleged to have been occasioned by a defect in a certain sidewalk in defendant city. There was a trial which resulted in a judgment for plaintiff in the sum of $400, to reverse which this appeal is prosecuted.

Chief among the several grounds upon which the appealing city assaults the judgment is that the trial court committed reversible error in allowing the plaintiff to introduce before the jury evidence which tended to show that the alleged defective sidewalk had been repaired after the time plaintiff received the injury of which complaint is made. The question thus presented is not of difficult solution in the light of the adjudged cases in this and other jurisdictions.

In the analogous case of *Mitchell v. Plattsburg*, 33 Mo. App. 555, it was said by us, speaking through Mr. Justice ELLISON: "It is next assigned for error that the court permitted plaintiff to show that the defendant repaired the sidewalk the morning following the accident. It was formerly held in many courts, and is still

maintained by some, that such evidence was admissible for the purpose of showing negligence. But such is not a just rule. *Brennan v. St. Louis,* 92 Mo. 482. 'Precautions taken subsequent to an accident do not involve an admission that the prior ones were insufficient and negligent.' *Nally v. Carpet Co.,* 51 Conn. 524. The question of negligence should be determined by what was known or should reasonably have been known before the accident.'' And the supreme court of this state in the quite recent case of *Alcorn v. Railroad,* 108 Mo. 81, has applied this rule in all of its comprehensiveness. So that, in so far as such testimony tended to originate an inference or implied admission of negligence because of the failure of the defendant city to make repairs of the sidewalk at an earlier period, it was obnoxious to the rule just stated.

But upon the authority of *Brennan v. St. Louis,* and *Mitchell v. Plattsburg, supra,* it is contended that the controverted testimony was admissible for the purpose of showing that the defect was one which the defendant city was in duty bound to repair. If the effect of the subsequent repairs is to be as a matter of law construed into an implied admission on the part of the city that it was its duty to make the same, then before such an implication can arise from the act of subsequently making repairs, the disputed testimony should further show that the city, the party owing the duty, made the repairs and consequently the admission. But a fatal objection to the sufficiency of the plaintiff's contention is that, while such testimony shows that the improvement was made, it utterly fails to show that it was made by the defendant city. Whether it was made by the owner of the abutting lot, or the defendant city, we are not informed. A witness on being asked who took away the old sidewalk and built the new one, answered: ''They were laboring men working there,

did not see who. Could not say who attended, to my own knowledge, what officers. It was not the owner." Neither this nor any other testimony that we can discover tends to show by whom the sidewalk repairs were made, and, hence, it must inevitably result that the testimony was wholly inadmissible for any purpose. *Alcorn v. Railroad, supra.*

II. Over the objections of the appealing city the plaintiff was permitted to introduce the testimony of several witnesses as to the condition of the sidewalk in front of a number of vacant lots on the west side of Campbell street between Seventh and Eighth streets, at and subsequent to the date of the injury. The testimony should have been confined to the sidewalk at the place of and immediate vicinity of the accident, and to its condition at the time of the accident (*Hipsley v. Railroad*, 88 Mo. 348), for the very manifest reason that the defendant city cannot be charged with notice of the defect in the sidewalk when and where the injury occurred, by evidence showing defects in other parts of such sidewalk at that time or subsequently thereto.

III. It is insisted that the trial court erred in its action in refusing to allow the defendant to show by the witness, Dr. Clark, the condition of the plaintiff's arm at the time he examined it. It does not sufficiently appear that the information called for by the defendant's question to the witness was such as he had acquired from plaintiff while attending in a professional character, and which information was necessary to enable him to prescribe for plaintiff as a physician, or do an act for him as a surgeon. We cannot tell whether the witness was competent or not. The court does not seem to have instituted an inquiry into his competency as was proper before passing upon that question.

The facts which under the statute would render the witness incompetent (Revised Statutes, sec. 8925;

*Streeter v. Breckenridge,* 23 Mo. App. 244) were not shown in any way, and until so shown it is difficult to understand why the witness was incompetent. Certainly, though a physician, he was not incompetent to testify unless rendered so by reason of the existence of the facts which the statute declares shall render a physician incompetent. These facts, though possibly existing, were not before the court, and until they were in some way brought to its attention, the witness could not be properly adjudged incompetent to testify. And it seems according to the ruling in *Weinstein v. Reid,* 25 Mo. App. 41, and the authorities there cited, that it was competent for the defendant to show by the witness Carter that he was present when plaintiff's arm was examined by his physician and heard the communication made to him by plaintiff as to what was the matter with his arm, and to tell what the communication was.

IV. As to the verdict we cannot think, after an an examination of all the evidence, that it was excessive. If it were not for other alleged errors we should not interfere with the judgment.

The judgment for the reasons stated will be reversed and the cause remanded. All concur.