## SCHERMER, Respondent, v. McMAHON, Appellant.

**St. Louis Court of Appeals, October 18, 1904.**

1. **EVIDENCE: Negligence: Admissions.** In an action for damages caused by the negligence of the defendant, the employer, in failing to provide a safe place for the plaintiff, his employee, to work, evidence that shortly after the accident which caused the injury, the defendant took precautions to avert a recurrence of the casualty, is not admissible.

2. ———: ———: **Opinion of Witness.** Nor was it competent for a witness to state that such precautions were taken by other people under similar circumstances, and that their omission was likely to cause an accident.

3. ———: **Physician.** In an action for personal injury, a physician, who attended the plaintiff, is not disqualified to testify as to the extent of his injuries under section 4659 of the Revised Statutes of 1899, unless the party objecting shows the facts which disqualify him, that is, that he acquired his information from the patient while attending him in a professional capacity, and that such information must have been essential to enable him to prescribe for such patient as a physician.

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster*, Judge.

From a judgment for damages for personal injuries, defendant appealed.

REVERSED AND REMANDED.

*Claud D. Hall* and *A. A. O'Halloran* for appellant.

(1) The court committed error in admitting evidence of precautions taken by the defendant, after plaintiff's injury, to brace and render more safe the ditch in which plaintiff was injured. Hipsley v. Railroad, 88 Mo. 348; Brennan v. St Louis, 92 Mo. 482, 2 S. W. 481; Alcorn v. Railroad, 108 Mo. 80, 18 S. W. 188;

Mahaney v. Railroad, 108 Mo. 191, 18 S. W. 895; Woods v. Railroad, 51 Mo. App. 503; Dougan v. Transportation Co., 56 N. Y. 1; Nalley v. Carpet Co., 51 Conn. 524; Salters v. Canal Co., 3 Hun 338; King v. Railroad, 4 Hun 776; Baird v. Daly, 68 N. Y. 551; Payne v. Railroad, 9 Hun 526; Morse v. Railroad, 30 Minn. 465; Dale v. Ry. Co., 73 N. Y. 468; Hudson v. Railroad Co., 59 Iowa—; Ely v. Railroad Co., 77 Mo. 37; Reed v. Railroad Co., 45 N. Y. 574. (2) The court committed error in allowing plaintiff's witness, Schettler, to state to the jury his opinion as to how a ditch of the kind in which the accident took place should be braced in order to render it safe, and in allowing him to state his opinion as to what is the general result when such ditches are not braced. Dammann v. St. Louis, 152 Mo. 186; Nash v. Dowling, 93 Mo. App. 156; Benjamin v. Railroad, 133 Mo. 288, 34 S. W. 590; Hurst v. Railroad, 163 Mo. 320, 63 S. W. 695; Goble v. Kansas City, 148 Mo. 477, 50 S. W. 470; Eubank v. City of Edina, 88 Mo. 665; Lee v. Knapp & Co., 155 Mo. 641, 56 S. W. 458; Koenig v. Railroad, 173 Mo. 720, 73 S. W. 637; Edwards v. Paving Co., 92 Mo. App. 226; Guttridge v. Mo. Pac. Ry. Co., 94 Mo. 472, 7 S. W. 476. (3) The court committed error in excluding the testimony of Dr. Althaus, it having been made to appear by plaintiff merely that the information sought to be elicited was acquired by Dr. Althaus in his capacity as a physician treating the plaintiff, and it not appearing that the information sought to be elicited was necessary to enable Dr. Althaus to prescribe for the plaintiff. James v. Kansas City, 85 Mo. App. 20; Bowles v. Kansas City, 51 Mo. App. 416.

*John J. O'Connor* for respondent.

(1) The evidence was clearly admissible to show how the work was being done, for if braces were the customary appliance for holding the clay in place while dig-

ging a ditch of this kind under the circumstances and were also a reasonably safe appliance, then defendant's failure to use such an appliance, and instead thereof use a more dangerous method, or no appliances or method at all, is evidence of negligence on the master's part. Beard v. American Car Co., 72 Mo. App. 583. (2) The testimony of Doctor Althaus was clearly inadmissible under the statute. Sec. 4659, R. S. 1899; Streeter v. City of Breckinridge, 23 Mo. App. 244; Kling v. The City of Kansas, 27 Mo. App. 231.

REYBURN, J.—While in defendant's employ engaged with other laborers in digging a trench for reception of water pipe, a passing street car running along and near the course of the excavation caused its near wall to fall in, burying plaintiff up to his neck and resulting in the injuries complained of. The action originated before a magistrate and upon trial anew in the circuit court, the jury returned a verdict for plaintiff, from which defendant has appealed. The trial court permitted testimony to be introduced by plaintiff over defendant's objection thereto, that shortly after the catastrophe the work was continued with the sides of the ditch braced by lumber provided for the purpose, and that such mode of construction was the reasonably safe method of conducting such work. The prejudicial effect of such proof is obvious, for it tended to impress the jury with the belief that at the time of plaintiff's disaster, the sides of the trench being unsupported or braced, the work was being performed in an unsafe and negligent manner. It is now well established in this State, that precautions adopted succeeding a casualty to avert its recurrence, are not to be interpreted as admissions of prior negligence and therefore admissible. Mahaney v. Railway, 108 Mo. l. c. 200, 18 S. W. 859; Bowles v. Kansas City, 51 Mo. App. l. c. 419; Mitchell v. City of Plattsburg, 33 Mo. App. l. c. 560.

Nor should statement of a witness that other peo-

ple, who dug such ditches, always braced them, have been received. The question of the negligence of defendant was to be determined by the jury from the conditions which the evidence demonstrated as attending the work at the time plaintiff suffered the injury. Such reply of the witness was the mere expression of an opinion and taken together with his further testimony, that when braces were omitted from excavations in such clay soil, the work was likely to cave and fall in, was but a conclusion on his part and it was the exclusive province of the jury to deduce inferences and conclusions from the facts in evidence. Nor was the latter declaration properly received as the testimony of an expert. The witness disclaimed such character and the subject was not of that nature from which it was apparent that the jurors were not capable of drawing conclusions from the facts established. Benjamin v. Railway, 133 Mo. l. c. 288, 34 S. W. 590; Dammann v. St. Louis, 152 Mo. l. c. 200, 53 S. W. 932; Lee v. Knapp, 155 Mo. l. c. 641, 56 S. W. 458; Goble v. Kansas City, 148 Mo. l. c. 477, 50 S. W. 84; Koenig v. Railway, 173 Mo. l. c. 721, 73 S. W. 637; Edwards v. Paving Co., 92 Mo. App. l. c. 226; Nash v. Dowling, 93 Mo. App. 156.

The plaintiff testified that he remained at the City Hospital two days and then left not receiving good treatment and nothing was being done for him. Defendant sought to introduce the testimony of a hospital physician who had treated him, and upon his reply that the knowledge he had of plaintiff's condition was derived in course of his treatment by the witness as the attending physician, he was excluded as disqualified by statute. The section invoked plainly enjoins that to render a physician or surgeon incompetent to testify the information sought to be elicited must have been not only acquired from the patient while attending him in a professional capacity, but also must have been essential to enable him to prescribe for such patient as a physician. R. S. 1899, sec. 4659. As the burden of

establishing the disqualification is placed on the objecting party, it devolved on respondent to prove the facts disqualifying the witness and the present record is meagre and incomplete in such respect and while the facts rendering the witness incompetent may have existed, they do not sufficiently appear. Bowles v. Kansas City, 51 Mo. App. 416; James v. Kansas City, 85 Mo. 20.

Judgment reversed and cause remanded. *Goode, J.*, and *Bland, P. J.*, concur in the result, the former being of the opinion that proper expert testimony, if tendered would have been admissible.