## ROSE B. TETRICK, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, January 27, 1908.**

1. MUNICIPAL CORPORATIONS: Defective Sidewalks: Personal Injury: Evidence: Subsequent Repairs: Negligence. In an action for personal injury from a defective sidewalk it is error to admit evidence of subsequent repairs with a view of showing that a defect existed at the time of the accident and the city's negligence in regard thereto.

2. ——: ——: ——: ——: ——: ——. Evidence of subsequent repairs may be admissible not to show negligence but to show the defect and the action of the city when the defect came to its notice or to show the city's jurisdiction over the place, etc., etc., but it should be so confined when admitted.

3. PERSONAL INJURY: Evidence: Plaintiff's Situation in Life. If plaintiff opens up an inquiry as to her condition in life, she can not shut off the inquiry on cross-examination, and besides she may be interrogated as to her home and her business so that the jury may become acquainted with her.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

REVERSED AND REMANDED.

*Edwin C. Meservey*, City Counselor, and *W. H. H. Piatt*, Associate City Counselor, for appellant.

The court erred in (a) admitting illegal, incompetent and hearsay evidence on the part of respondent, as

to injuries not covered by her petition; (b) as to improvement of the street, subsequent to the date of the accident; (c) in permitting respondent's doctor to testify to incompetent conclusions, based on her history of the case; (d) in excluding legal and competent evidence offered by defendant, and in so commenting on the same in the presence of the jury, as to decide the issues for them, and in adopting incorrect statements of the evidence made by counsel for plaintiff. Brooks v. Blackwell, 76 Mo. 309; Chitty v. Railroad, 148 Mo. 64; Skipton v. Railroad, 82 Mo. App. 134; White v. Chaney, 20 Mo. App. 389; Bailey v. Kansas City, 189 Mo. 503; Bowles v. Kansas City, 51 Mo. App. 416; Brennan v. St. Louis, 92 Mo. 488; Holloway v. Kansas City, 184 Mo. 31 et seq.; Glasgow v. Railway, 191 Mo. 358; Taylor v. Railroad, 185 Mo. 255; Smith v. Kansas City, — Mo. App. —, 101 S. W. 1118; State ex rel. v. Rubber Mfg. Co., 149 Mo. 181; Schmidt v. Railroad, 149 Mo. 280 et seq.; Wright v. Richmond, 21 Mo. App. 81; Rose v. Kansas City, 102 S. W. 578, — Mo. App. —.

*I. B. Kimbrell* and *W. H. Wilkerson,* for respondent, filed no brief.

ELLISON, J.—This action is for personal injuries alleged to have been received by plaintiff in falling on one of defendant's sidewalks alleged to have been negligently left in a state of non-repair. The judgment in the trial court was for the plaintiff.

No briefs appear for the plaintiff, but we find that one of the issues in the case was whether the sidewalk was out of repair. The trial court permitted plaintiff to introduce evidence over defendant's protest, to show that after the injury defendant removed the sidewalk and substituted granitoid therefor. This was but an indirect means of impressing the jury with the idea that there must have been a defective walk, else the city

would not have replaced it with another of different kind. It was an attempt to prove negligence by showing conditions and knowledge subsequent to the injury. Such evidence has always been condemned in this State. [Bailey v. Kansas City, 189 Mo. 503; Brennan v. St. Louis, 92 Mo. 482; Alcorn v. Railway, 108 Mo. 81; Bowles v. Kansas City, 51 Mo. App. 416; Mitchell v. Plattsburg, 33 Mo. App. 555.] Those authorities, however, hold that such evidence is admissible for some purpose; as that, while not showing negligence, yet showing that the defect was such that the city should repair after becoming aware of its existence or after sufficient time had elapsed for it to have become informed, leaving the issue whether there was knowledge prior to the injury sufficient to show negligence, to be made out by other evidence. Such evidence may also be admitted to show that the city claimed jurisdiction over the place. But in this case the avowed object of the plaintiff was neither of these things. Her counsel stated that the object was to prove the *place* of the injury. This was in effect a mere evasion. The place could have been shown in a great number of ways. And it would not have been improper to have shown that it was at a place where there was (at time of trial) a certain kind of sidewalk; of where there was a certain kind of street, etc., etc. Any proper thing identifying the place, if there was any dispute about it. But plaintiff did not so confine herself. Under the guise of locating the place she asked if the *defendant city* had not taken away the board walk and put down a granitoid.

Plaintiff testified for herself on direct examination as to her husband's business, as to their having a home, and who built it. Yet on cross-examination she objected to defendant's asking questions along the same line. After plaintiff opened up such question defendant should not have been refused the right to cross-examine upon it. So defendant had a right, under cross-examination,

to ask her where she lived and how long at a place and what her business was. It was proper for the jury to become acquainted with her.

On retrial, the matter as to miscarriage, somewhat dwelt upon, can be omitted, since it is disclaimed by plaintiff's counsel.

The judgment is reversed and cause remanded. All concur.