MATIE BAKER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1914.

1. **WITNESSES: Veracity: Impeachment.** Where there is no ground for surprise in the testimony of a witness called by a party and there has been no deception such party has no right to discredit the veracity of such witness.

2. **NEGLIGENCE: Personal Injuries: Street Car: Other Accidents.** In an action for personal injuries in falling from a street car by reason of a sudden starting when the passenger was attempting to alight, it is error to admit evidence of other accidents on cars in charge of other servants of defendant.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *L. T. Dryden* for appellant.

*Kimbrell & White* for respondent.

ELLISON, P. J.—Plaintiff's action is for personal injury resulting from a fall from one of defendant's street cars while attempting to alight. The judgment in the trial court was for her.

Her case, as shown by the petition, is founded on her attempting to step from the car to the pavement, when the car was suddenly started and she was thrown violently upon the street. Several rulings are assigned as errors and an elaborate brief filed in support of the appeal. Notwithstanding this plaintiff has not favored us with a brief and we proceed to dispose of the case without assistance from her. If a respondent concludes to violate the rules of the court in not filing a brief, for the reason that error is conceded, the court should be so informed and not put to the labor of an investigation.

Plaintiff introduced a physician as one of her witnesses. She had taken his deposition in the case and it must be assumed she knew the nature of his testimony and the character of witness he would make. If she was not satisfied with his testimony and if her attorney, on that ground, proceeded to examine him at length with a view of impeaching his credibility; she could not do so as there was nothing to show that plaintiff had been surprised and deceived as to the nature of the witness' testimony. If such were the circumstances the examination should not have been permitted. [Dunn v. Dunnaker, 87 Mo. 597, 600; State v. Burke, 132. Mo. 372.] But we are not certain from the record, that the circumstances were as we have supposed. It may be that plaintiff's object in asking the witness as to his having formerly been a witness for the defendant was not for the purpose of discrediting him, but rather as in the nature of a response to de-

fendant's attack upon him by the questions asked him. It was defendant's privilege to pursue the course it did on cross-examination; but we think plaintiff's further examination by way of response to what defendant has asked was, at least, irrelevant.

Presumably for the purpose of showing negligence in defendant's servants in charge of the car when plaintiff was hurt, evidence was heard over defendant's objection as to other accidents, not alone on cars in charge of these servants, but accidents happening with other servants. This was error. [Lester v. Railway Co., 60 Mo. 267; Bowles v. Kansas City, 51 Mo. App. 421.]

On another trial, if a miscarriage is to be relied upon as an element of injury and damages, there ought to be more evidence that there was such character of injury than appears here. Evidence that is purely speculative as stated by one of plaintiff's witnesses is not probative.

The judgment is reversed and the cause remanded. All concur.