MARY THOMAS and HUSBAND, Respondents, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 8, 1886.

20a 485
33a 560
20 485
48 447
20 485
88 576

PRACTICE — INSTRUCTION — DAMAGES — CASE ADJUDGED. — Where a suit for damages was brought by a married woman with her husband as nominal plaintiff, for personal injuries received while a passenger upon one of defendant's freight trains, and it was averred that she was so disabled by the injury as to be wholly *unable to attend to her ordinary household duties*, the court instructed the jury, in sub-

stance, that the *age and situation of the plaintiff*, and the *extent to which she is disabled, if at all*, should be taken into consideration by the jury. *Held*, that the instruction, in view of the evidence, was not such as to work any substantial injustice to defendant. That it was proper to consider the *age*, as it might have much to do with the extent of the injury, and that the use of the word "*situation*," under the evidence in this case, worked no injury to defendant *Philips*, *P. J.*, *dissents*.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

Statement of case by the court.

This action was instituted in the circuit court of Macon county, Missouri, by Mary Thomas, a married woman, with her husband joined as a nominal plaintiff, as required by section 3468, of the Revised Statutes, to recover the sum of five thousand dollars damages for certain personal injuries alleged to have been received by said Mary Thomas while a passenger upon one of defendant's freight trains from Fry to Kirksville, in Adair county, on the twenty-ninth day of May, 1882.

Among other averments in the petition was the following: That plaintiff was thrown with such violence "from the seat in said caboose, on to the floor of said caboose, whereby the said plaintiff, Mary Thomas, was greatly cut, bruised and wounded in and upon her body, so that she became, and was, sick and sore, and was for a long time confined to her room and bed, and suffered great pain in body and mind, *and was wholly unable to attend to her ordinary household duties*, and she still remains sick and injured, as aforesaid."

The following instruction was given for plaintiff:

"4. The jury, in estimating the damages of plaintiff, Mary Thomas, should take into consideration *the age and situation of the plaintiff*, her bodily suffering, if any, and mental anguish resulting from the injury received, if any, the extent and permanency of her injury, if any, *and the extent to which she is disabled, if*

*at all,* but in no case should the damages exceed five thousand dollars."

GEO. S. GROVER, for the appellant.

I.   The fourth instruction, given for the plaintiff, authorized the jury to assess damages in a suit by the wife, upon a cause of action not in issue, and which belonged to the husband alone.   *Smith v. City of St. Joseph,* 55 Mo. 456 ;  *Daily v. Houston,* 58 Mo. 361 ;  *Barnes v. Marten,* 15 Wis. 270 ;  2 Sedg. Meas. Dam. (7 Ed.) 525 ; Cooley on Torts, 226 ;  2 Woods Railway Law, 1245.

II.   There was neither averment nor proof of the loss of wages of wife ; but only that since her injury she was unable to perform her usual household avocations.   The instruction was faulty and misleading.   *Daily v. Houston, supra.*

SEARS & GUTHRIE, for the respondent.

I.   In actions for personal injuries to a wife, a jury should take into consideration all damages to which she is entitled, as bodily injury sustained, the pain undergone, the effect on health as likely to be temporary or permanent.   The instruction complained of did not go beyond this.   3 Suth. on Dam., 280, 281, 713-724; *Karr v. Parks,* 44 Cal. 46 ;  2 Thomp. on Neg., 1240, 1259.

II.   The Missouri statute has largely emancipated married women, and fully warrants the instruction.   Rev. Stat., sect. 3296 ;  *Westlake v. Westlake,* 9 Reporter, 17 ; *Flori v. St. Louis,* 3 Mo. App. 240.

III.   The tendency of modern legislation is to establish the right to recover injuries to her person, as the wife's separate property, and if a married woman sustains an injury, through the negligence of a railroad company, she can recover damages for her injury and suffering.   *Klien v. Jewett,* 26 N. J. Eq. 476 ;  *Filer v. R. R.,* 49 N. Y. (4 Sick.) 47 ;  *Barger v. Jacobs,* 21 Mich. 215.

ELLISON, J.—The chief, if not the only, complaint

urged here against the action of the trial court, is in giving the fourth instruction for plaintiff as to the measure of damages. It being argued that the instruction in connection with the evidence for plaintiff authorized the jury to find such damages as are only recoverable by the husband alone; such as loss of plaintiff Mary's service, and the expense attending her sickness, etc. If the interpretation given by defendant's counsel to the testimony, and the instruction is correct, his conclusion would likewise be true. The evidence, which was given without objection from defendant, was not intended to prove the loss of plaintiff's service, and undoubtedly was not so looked upon by the court or jury. The question was as to the extent of her injury, and in proving this, it was shown, without objection, that before her injury she was stout, ablebodied, and capacitated to do, and did do, a variety of labor, common to women in her situation. That after her injury, which was internal, she found herself wholly unable to do the labor she had before performed with ease. We do not care to set out the evidence in full, but we have given it consideration as it is set out by defendant, and have no doubt of its meaning. The instruction, in view of the evidence in the cause, was not such as to work any substantial injustice to defendant. It was proper that the jury should consider the age of plaintiff. Her age might have much to do with the extent of the injury. Bodily injury to a person of advanced age might be alarmingly serious, while the same injury to another might be overcome by the strength and vigor of youth.

As to the word "situation," in the instruction, we see where under certain states of the evidence, this might involve a consideration of the question whether the *situation in life* of one injured should be considered in making up the damages in a case of this character. But here we need not consider such points, and do not. It is clear that the use of the word situation, under the evidence in this cause, worked no injury to defendant. The authorities cited for defendant sustain its assertion that damages in a suit by the wife, the husband being nomi-

nally joined, cannot be given her when they are only such as belong to the husband alone, but such is not the case before us.

The judgment was for the right party, and it is, with the concurrence of Hall, J., affirmed.

PHILIPS, P. J.—I non-concur in the foregoing opinion, for the reason that I apprehend the employment of the words "situation of the plaintiff," was calculated to mislead the jury, and induce them in the estimation of damages, to take into consideration matters which pertain alone to the husband, as head of the family.