ELLEN ROSS, Respondent, v. KANSAS CITY, MISSOURI, Appellant.

Kansas City Court of Appeals, February 8, and March 7, 1892.

1. **Municipal Corporation**: NEGLIGENCE: ACTUAL AND CONSTRUCTIVE NOTICE OF DEFECTIVE CROSSING: INSTRUCTION: HARMLESS ERROR. Though it was error in this case to give an instruction telling the jury that if they found knowledge of the defect in the street crossing causing the injury sued for came to one of the policemen of the defendant prior to the injury, then this was notice to the defendant itself, since there was no evidence showing the policemen knew of the defect; yet it is harmless error since the defect had existed for a sufficient length of time as to give the defendant constructive notice thereof, which was in effect the same as actual notice.

2. **Practice, Appellate**: EVIDENCE: OBJECTION: EXCEPTION. The appellate court will not review the action of the trial court in the admission of evidence unless an exception was saved,—a mere objection is insufficient,—besides in this case the evidence seems to have been pertinent.

3. **Damages**: AGE : CONDITION IN LIFE. An instruction set out in the opinion as to the measure of damages in this case is approved when taken in connection with other instructions. though the submission of the age and condition in life of plaintiff, a married woman, to the consideration of the jury in estimating her damages is criticised.

4. **Definitions**: CONDITION IN LIFE : SITUATION IN LIFE. The terms "condition in life" and "situation in life" are synonymous, and may be used interchangeably.

5. **Damages**: FUTURE SUFFERING: EVIDENCE: INSTRUCTION: IMMATERIAL ERROR. No damages can be allowed for future suffering except such as are shown by the proof to be at least certain; and while it is improper in this case to tell the jury to take into view any and all damages which it appears from the evidence will reasonably result from such injuries, still under the evidence and other instructions the error is immaterial.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*F. F. Rozzelle, W. S. Cowherd* and *James Black*, for appellant.

(1) The court erred in giving instruction, numbered 4, for plaintiff over defendant's objection. There was no evidence to justify such an instruction. *Village of Shelby v. Clagett*, 46 Ohio St. 555. (2) The court erred in allowing plaintiff's witness, G. E. Parrott, over defendant's objection, to testify as to what notice he had received, and what knowledge he had of the general condition of the sidewalks and crossings at First and Campbell streets. The witness was allowed, over defendant's objection, to testify that the crossing was in a bad fix on account of the dirt, and this had no bearing upon the issues. Under the circumstances, it

cannot be said that this evidence was harmless and had no effect upon the jury. (3) Appellant complains of instruction, numbered 6, given by the court in favor of plaintiff, on account of the following expressions therein: *First.* "And the jury will also consider the age of plaintiff, Ellen Ross, and her condition in life, the nature and extent of the physical injury inflicted and the bodily pain and mental anguish endured." *Second.* "And any and all such damages which it appears from the evidence will reasonably result from such injuries in the future." Whether this expression means that the jury must consider her condition physically, mentally or otherwise does not appear. Where an instruction will admit of two constructions, it is misleading and erroneous. *Legg v. Johnson,* 23 Mo. App. 590. The fact that no objection was entered to the introduction of such testimony would not preclude defendant's objecting to an instruction being based upon the same. *Price v. Railroad,* 72 Mo. 418; *Hinds v. City of Marshall,* 22 Mo. App. 216, 217. Not one word of evidence was introduced to show that said injuries were permanent, or even to show that they might possibly or probably continue for any length of time beyond the present. *Filer v. Railroad,* 49 N. Y. 46; 3 Suth. Dam. 722; *Weisenberg v. City of Appleton,* 26 Wis. 60; *Curtis v. Railroad,* 18 N. Y. 542; *Crawford v. Railroad,* 55 N. Y. Sup. Ct. 255; *Mosher v. Russell,* 44 Hun, 12. "Instructions should not be given when there is no evidence on which to predicate them." *Gressley v. Railroad,* 26 Mo. App. 161; *State ex rel. v. Emerson,* 74 Mo. 607; *Price v. Railroad,* 72 Mo. 414. The fact that said expression is qualified by the clause, "which it appears from the evidence," does not make it any the less objectionable, where there was no evidence to predicate such an instruction upon. *Stephens v. Railroad,* 96 Mo. 208. (4) There was an inconsistency between instruction, numbered 3, given for plaintiff and instruction, numbered 4, given by the court

for defendant. *Welch v. Railroad*, 20 Mo. App. 477; *Goetz v. Railroad*, 50 Mo. 472.

*Kagy & Bremermann*, for respondent.

(1) Plaintiff's fourth instruction states the law correctly, and there was no error in giving it. *Russell v. Columbia*, 74 Mo. 480; *Thomas v. Railroad*, 20 Mo. App. 485; *Mitchell v. Plattsburg*, 33 Mo. App. 555; *Shortwell v. St. Joseph*, 104 Mo. 114; *Ridenhouse v. Cable Co.*, 102 Mo. 270; *Wetzell & Griffith v. Wagoner*, 41 Mo. App. 509; *Schooler v. Schooler*, 18 Mo. App. 269; *Whalen v. Railroad*, 60 Mo. 323–325. (2) Under the evidence the jury was authorized to award permanent damages. The measure is properly stated. *Welch v. McAlister*, 15 Mo. App. 492; *Winkler v. Railroad*, 19 Mo. App. 99; *Waldhier v. Railroad*, 89 Mo. 37; *Griffith v. Railroad*, 98 Mo. 168; *Haniford v. Kansas City*, 103 Mo. 172; *Joliet v. Conway*, 119 Ill. 489. (3) Damages, in case of personal injury, are fixed by the jury under the facts and circumstances disclosed by the evidence. Such damages cannot be proven in any other way. *Welch v. McAlister, supra; Winkler v. Railroad, supra; Waldhier v. Railroad, supra; Haniford v. Kansas City, supra; Griffith v. Railroad, supra.* (4) When the facts composing the elements of damages are not controverted, the court will not reverse, even though an erroneous instruction as to the measure has been given. *Hail v. Railroad*, 16 Mo. App. 363; *Blewett v. Railroad*, 72 Mo. 583.

SMITH, P. J.—This is an action brought by the plaintiff, a married woman, with whom was joined her husband, who has departed this life since the bringing of this action, to recover damages for personal injuries. The petition, in effect, alleged amongst other things, that the defendant carelessly and negligently suffered and permitted said crossing to become out of repair, the

boards constituting said crossing to be covered with earth so that persons desiring to use same had only the use of a small portion thereof, and plaintiff says that one of the planks or boards constituting said crossing was broken off at the end, and that at the end there was a deep and dangerous excavation; that the plaintiff in the exercise of ordinary care while in the act of passing over said crossing, without a knowledge of the defects therein, was violently precipitated into a deep and dangerous excavation, by reason whereof she suffered a compound fracture of the thigh bone of her right leg and dislocation of her right hip, in consequence of which she has suffered great pain and anguish of body and mind, and has been incurably and permanently crippled. The answer was a general denial, supplemented with the plea of contributory negligence. There was a trial which resulted in a judgment for the plaintiff, to reverse which the defendant has appealed.

I. The defendant assaults the judgment upon a number of grounds. The first of these is, that the trial court erred in giving the plaintiff's fourth instruction which told the jury, that if they found that the knowledge of the defect in the crossing, if any, came to one of the policemen of defendant prior to the injury, then this was notice to the defendant itself. The precise ground of objection to the instruction is, that there was no evidence upon which to base it. The witness Parrott, a policeman of defendant, testified that the crossing was in bad condition on account of the dirt that covered it. He further testified that he did not notice any opening or missing board in the crossing, so that his knowledge of the defect complained of was limited to the accumulated dirt on the crossing, and, hence, neither he nor the defendant had actual notice of the defect which occasioned the injury. There being no other evidence to justify the giving of the instruction it should have been refused.

But I do not think this is reversible error, for the reason that the court by another instruction told the jury that, if any of the ends of the boards in the crossing were broken off at the end, and that at that end there was a deep and dangerous hole; that the defendant negligently suffered the same to remain in an unsafe condition without protection or notice to the public; that a sufficient time had elapsed between the time it became defective and the time of the injury for the defendant by the exercise of reasonable diligence to have repaired the same, etc. There was evidence to justify its giving of this instruction. If the evidence does not show that the defendant had actual notice of the defect in question, it does tend to show most strongly that it had constructive notice, or, which is the same thing, it might have known of the existence of the defect had it exercised reasonable diligence, which is in effect the same as actual notice in so far as the right and liabilities of the parties to this suit are concerned. If the defendant had notice of the defect it is unimportant whether it was actual or constructive.

II. The defendant further complains that the court permitted the witness Parrott to testify that the crossing was in a bad fix on account of the dirt that was on it. The bill of exceptions does not show that the defendant saved any exception to the action of the court in permitting the witness to so testify. It is true the defendant objected, but that was all. This was not enough to authorize us to review the action of the court in regard to that matter. Besides the allegation of the petition was that defendant had negligently permitted the boards in the crossing to be covered with earth, etc., so that the testimony of the witness tended to sustain that part of the alleged negligence of defendant; hence, there is nothing in this ground of complaint.

III. The defendant further complains of the action of the court in giving plaintiff's sixth instruction, which directed the jury that, in fixing the amount of damages

to take into consideration any direct and necessary damages resulting from the injury, and also to consider the plaintiff's *age*, *condition in life*, the nature and extent of the physical injury inflicted, and the bodily pain and mental anguish endured and any and *all such damages* which it appears from the evidence will reasonably result from her injuries in the future.    This instruction is essentially the same as that given in *Russell v. Columbia*, 74 Mo. 480, except the latter includes two additional elements of damage: Loss of time and expenses of treatment of the sprain.    The plaintiff in the *Russell case* was a *feme sole*, and, so being, she was entitled to recover for these items of damage. Eliminating these elements from the case, the distinction between that case and this disappears.

In this case the plaintiff was, at the time of the receipt of the injury, a *feme covert*, and as such could not sue for loss of time or the expense of the treatment of fracture or dislocation complained of.    Her husband alone could recover for these elements.    The court, at the instance of the defendant, instructed the jury to that effect.    The jury were even told that the plaintiff "can only recover for the injury to her person.    You cannot allow her for expenses and loss of time.    Her husband is entitled to recover all such damages in a separate action."    It is quite difficult to understand how the plaintiff's instruction, when read in connection with the cautionary instruction of the defendant just quoted could have misled or confused the jury in determining the question of damages.

In a case like this, where the plaintiff, in consequence of her coverture, is debarred from a recovery for costs of treatment or for loss of time, and where there is no evidence offered as to the permanency of the injury, or as to whether the plaintiff is likely to suffer from her injury during the remainder of her life, I am unable to perceive, as I remarked on another occasion, how the age of the injured plaintiff becomes a proper

subject for the consideration of the jury in ascertaining and determining the damages to be allowed. It is quite true, however, that, in personal-injury cases, this instruction has been given and proved without noticing the distinction, which, I think, ought to be observed. The employment of the term in an instruction like the one in question would seem authorized by the following adjudications: *Thomas v. Railroad*, 20 Mo. App. 485; *Hinds v. City of Marshall*, 22 Mo. App. 208; *Gressley v. Railroad*, 26 Mo. App. 156; *Mitchell v. Plattsburg*, 33 Mo. App. 555; *Russell v. Columbia*, 74 Mo., *supra*.

The terms, "condition in life" and "situation in life," are synonymic, and may be used interchangeably. *Blair v. Railroad*, 89 Mo. 383; *Thomas v. Railroad*, 20 Mo. App. 485. The first of these terms which was employed in the instruction under review must have referred to the injuries to the plaintiff's person. It either so referred, or it was meaningless. In view of the defendant's instruction, which, in effect, directed the jury not to consider the evidence, if any, as to loss of time or expense of treatment, this must be so. In cases where the injured plaintiff is entitled to recover for the items of damage just mentioned, or, perhaps, in cases of permanent injuries or lifelong infirmities and suffering, the plaintiff's condition or situation in life might be a proper subject for the jury to consider in estimating the damages. But, in a case where the evidence shows that the principal damage which the plaintiff may be entitled to recover, or for temporary injuries already suffered, it is hard to understand what the situation or condition in life of the plaintiff has to do with the damages in such cases. It seems to me that in such cases the terms employed in plaintiff's instruction, to which we have referred, are but a needless multiplication of them. I cannot understand the utility or propriety of such terms in an instruction in a case like this. It is only in cases where the plaintiff seeks to recover damages for loss of time or service, that the

plaintiff's " condition in life " can be considered by the jury. *Beecher v. Barr*, 107 N. Y. 624.

Plaintiff's said sixth instruction in this case was improper, but, in view of the uncontroverted evidence, we do not think the defendant has been injured. The verdict was for $2,000. It appears that the plaintiff, at the time of her injury, was an active, healthy woman, and that, two years later, at the trial of this case, she was a helpless cripple. She testified at the trial as follows: "My right leg was broken right below the hip. Dr. Jackson was my physician. I had three or four doctors. I have no power in my limb now. I can't walk on it. I can't bear my weight on it. I can walk a little bit with a stick, but have to have somebody hold my arm; I can't walk alone. The wound is healed, but there is no strength in it. I suffer every night. I have trouble in the hip joint and across the small of my back, and down through my whole side down as far as my knee." Under this and other testimony of a like character, I am not of the opinion that it was error for the court, in the instruction I am reviewing, to direct the jury in determining the damages to take in view "any and all such damages which it appears from the evidence will reasonably result from such injuries."

The plaintiff, after the expiration of two years from the happening of the injury, still being a helpless cripple and sufferer, were facts from which the jury might infer she would suffer still longer. It was at least some evidence, however slight, upon which to base this direction as to further suffering. Certainly it would have been far better and would have afforded a more intelligent and reliable guide for the jury, had this evidence been supplemented with expert testimony showing the probable duration of the plaintiff's future suffering, whether for a month, a year, or term of years, or during the remainder of her life. But in this case the jury were admonished by an instruction that

they could not allow plaintiff damages for loss of time or services, so that, with these admonitions, I cannot think that the plaintiff's instruction was error, or, if so, it was but harmless error. While the rule is that no damages can be allowed for future suffering, except such as are shown by the proof to be at least certain, still I think it is clear from the condition in which the uncontradicted evidence showed the plaintiff's physical condition to be, that it was certain she would suffer in the future, but as to the probable length of time of such suffering, the evidence affords no intimation. What I mean to say is, that on this branch of the instruction there is not a total failure of proof, while the plaintiff's instruction was technically inaccurate in the particulars I have endeavored to point out, yet under the evidence I think the verdict of the jury was manifestly just. By comparison of the plaintiff's third instruction with the defendant's fourth, it will be readily seen there is no conflict.

With the concurrence of the other judges the judgment will be affirmed.