CAROLINE BOXBERGER, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, January 11, 1897.

1. **Municipal Corporations:** DEFECTIVE SIDEWALK: NOTICE: EVIDENCE. The evidence in this case showed the defect in the sidewalk causing plaintiff's injury to have existed long enough for defendant's officers to have known it.

2. **Appellate and Trial Practice:** ORDER OF TRIAL: CALLING WITNESSES. It is in the discretion of the trial court to permit plaintiff to call additional witnesses after his case is closed, and the appellate court will not interfere with such discretion when a plausible excuse therefor is given.

3. **Appellate Practice:** DAMAGES: INSTRUCTIONS: EVIDENCE. Where the evidence and instructions were proper and the damages are not excessive and the verdict for the right party, the judgment will be affirmed.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*H. C. McDougal* and *L. A. Laughlin* for appellant.

(1) There is no evidence of either actual or constructive notice to the city of the alleged defect in the sidewalk causing the injury. *Yocum v. Trenton*, 20 Mo. App. 489; *Salmon v. Trenton*, 21 Mo. App. 182. (2) The court erred in admitting the testimony of S. K. Howe and Peter Hocker. *Parkhill v. Brighton*, 61 Iowa, 103. (3) The damages assessed are excessive. (4) The court erred in refusing to give defendant's instruction number 11, as asked. As asked, this instruction was in effect an instruction on the burden of proof. It required the plaintiff to show by a preponderance of evidence that the pains and sickness of Mrs. Boxberger were attributable to the fall. It told the jury that where they were unable to tell to what cause they were attributable to give the defendant the benefit of the doubt. As modified and given by the court, this feature of the instruction is omitted. (5) The court erred in admitting the deposition of Henry Kerbs. *Bowles v. Kansas City*, 51 Mo. App. 416.

*Kagy & Bremermann* for respondents.

(1) The evidence fully establishes notice within the letter and spirit of the law. It was submitted to the jury which found its existence. *Franke v. City of St. Louis*, 110 Mo. 516; *Shipley v. City of Balion*, 42 Mo. App. 401; *Walker v. Point Pleasant*, 49 Mo. App. 244; *Maus v. Springfield*, 110 Mo. 613; *District of Columbia v. Armes*, 107 U. S. 519. (2) The instruction, while it may be vulnerable to verbal criticism, harmed no

one, and has the support of the highest courts in the state. *Thomas v. R. R.*, 20 Mo. App. 485; *Gressly v. R. R.*, 26 Mo. App. 156; *Hinds v. City of Marshall*, 22 , Mo. App. 208; *Mitchell v. Plattsburgh*, 33 Mo. App. 555; *Russell v. Columbia*, 74 Mo. 480; *Ross v. Kansas City*, 48 Mo. App. 440.

ELLISON, J.—This is an action for personal injuries received by plaintiff while walking along one of the plank sidewalks on a street in the defendant city. Plaintiff recovered and defendant appeals.

Defendant urges several points against the judgment. An examination of them satisfies us that they are each untenable. The objection that MUNICIPAL corporations: defective sidewalk: notice: evidence. there was no evidence to show notice on the part of the city of the defective condition of the walk is not supported by the record. There was evidence which showed the defect to have existed long enough to have been known to the city if its officers had been in any degree attentive or diligent.

The court permitted plaintiff to call two witnesses after she had closed her case whose testimony was not in rebuttal. The court had a descretion APPELLATE and trial practice: order of trial: calling witnesses. in the manner of conducting the trial and we will not interfere in a matter which is so well known as belonging to the discretion of the trial court, especially when a plausible excuse therefor is given by counsel as was given to the trial court in this case.

We do not deem the damages excessive in view of the evidence on that head. The amount is not so great that we can justify ourselves in APPELLATE practice: damages: instructions: evidence. interfering. We have examined the objections to instructions and find that taken as a whole they present the case fairly and

clearly to the jury. Instruction number 4 for plaintiff could not possibly have been prejudicial to defendant and besides is under the evidence supported by *Ross v. Kansas City*, 48 Mo. App. 440.

The objection to evidence and the deposition of witness Kerbs were not well taken. The verdict is manifestly for the right party and is affirmed. All concur.