NANCY JANE CULLAR, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1900.

1. **Passenger Carriers: TIME TO ALIGHT: EVIDENCE: INFERENCE.** The carrier must stop and hold its trains at stations a reasonably sufficient time to enable passengers to alight, and where the passenger uses ordinary diligence to get off and is injured by the train starting, the jury may infer that the time was insufficient.

2. **———: ———: STARTING TRAIN: CONDUCTOR'S KNOWLEDGE: INSTRUCTION.** Where the issue is whether the train stopped a sufficient time to enable a passenger to alight, an instruction that the plaintiff could not recover if the train started while the passenger was in the act of getting off unless the conductor knew he was in such act, is properly amended by inserting "or by the exercise of reasonable care could have known."

3. **Husband and Wife: DAMAGES: LOSS OF SERVICE: PHYSICAL DISABILITY.** The husband alone is entitled to recover for a mere loss of service and society occasioned by negligent injury of the wife; but physical disability is personal loss apart from being a deprivation of a money earning power and for such loss the wife may recover.

4. **Trial Practice: MISCONDUCT OF COUNSEL: HARMLESS ERROR.** Counsel animadverted on the fact that the defendant failed to call a certain witness. On objection he was reprimanded by the court. Held, if the remarks were improper they were not of such serious nature as to outlive in the minds of the jury the court's condemnation.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The verdict was directly opposed to the instructions given for defendant. These instructions fully covered

the case as stated in the petition. Straus v. Railroad, 75 Mo. 185-191; s. c., 86 Mo. 421; Swigert v. Railroad, 75 Mo. 475; Clotworthy v. Railroad, 80 Mo. 220-224; Hurt v. Railroad, 94 Mo. 255-263; Yarnell v. Railroad, 113 Mo. 570; Hanks v. Railroad, 60 Mo. App. 274-281; Deming v. Railroad, 80 Mo. App. 152-156. (2) The court erred in amending defendant's instruction number 11 and in giving it in that form. The instruction was proper as asked and defendant was entitled to it in that form. By inserting the word "alone" the instruction was given a meaning directly opposed to it as asked. Cases, *supra*. (3) Defendant's instruction number 12 was correct as asked and the court erred in refusing it, and in giving it as amended. By adding the words "or by the exercise of reasonable care could have known," the court changed the rule governing a carrier of passengers, and introduced a new element of duty and liability not recognized by the courts. See cases, *supra*. (4) The law presumes that the trainmen did their duty, and the evidence in this case is insufficient to overcome that presumption. Agan v. Shannon, 103 Mo. 661; State ex rel. v. Bank, 120 Mo. 161; Lenox v. Harrison, 88 Mo. 491; Mathias v. O'Neill, 94 Mo. 520; Jewett v. Railroad, 50 Mo. App. 547; 4 Elliott on Railroads, sec. 1701. (5) The third instruction given on behalf of plaintiff concerning the measure of damages was erroneous because it allowed plaintiff to recover for all the injurious effects of physical disability without excluding those for which the husband could recover. (6) Plaintiff's attorney was guilty of making improper remarks to the jury in his closing argument. Attaway v. Mattax, 14 S. W. Rep. 1017; Ritter v. Bank, 87 Mo. 574; Marble v. Walters, 19 Mo. App. 134; Gibson v. Zeibig, 24 Mo. App. 65-69; Koch v. Hebel, 32 Mo. App. 103-113; Thompson v. Railroad, 51 N. W. Rep. 995; Geist v. Railroad, 51 N. W. Rep. 1112; Brown v. Swineford, 44 Wis. 282; Prewitt v. Eddy, 115 Mo. 283-306; Evans v. Trenton,

112 Mo. 390; Haynes v. Trenton, 108 Mo. 123-133; Killoren v. Dunn, 68 Mo. App. 212; Smith v. W. U. Tel. Co., 55 Mo. App. 626-632.

*R. J. Ingraham, Rozzelle & Walsh* and *John G. Park* for respondent.

(1)   A common carrier owes it to its passengers to stop its trains a reasonably sufficient length of time to permit its passengers to safely alight at their destination.    Waller v. Railroad, 83 Mo. 608; Richmond v. Railroad, 49 Mo. App. 104; Hickman v. Railroad, 91 Mo. 433; Davis v. Railroad, 46 Mo. App. 180; Blanton v. Dold, 109 Mo. 64, 69; Brown v. Railroad, 50 Mo. 461, 466.    (2) Appellant's instruction number 11, as asked, should not have been given because it singled out a portion of the evidence, with the view of giving it undue prominence.    Talbott v. Railroad, *supra*.    (3) Defendant's twelfth instruction as asked is in conflict with the decision of the supreme court in Cobb v. Railway, 149 Mo. 135, 152; Straus v. Railroad, 86 Mo. 421, 429; Luse v. Railway, 57 Kan. 361, 46 Pac. Rep. 768; Kellar v. Railroad, 27 Minn. 178; Sweeney v. Railroad, 150 Mo. 385; Burdoin v. Trenton, 116 Mo. 358, 372; Meade v. Railroad, 68 Mo. App. 92, 102; Henry v. Railroad, 113 Mo. 525.    (4) Plaintiff's third instruction (on the measure of damages) was correct.    Injuries caused by negligence to the estate of the husband and the person of the wife afford distinct causes of action.    Smith v. St. Joseph, 55 Mo. 456; Smith v. Warden, 86 Mo. 382, 400; Blair v. Railroad, 89 Mo. 383, 396.    (5)   There   was   no   impropriety in Mr. Walsh's remarks.    Huckshold v. Railway, 90 Mo. 548, 559.    When the jury is instructed to disregard the remarks, the error, if any, is deemed cured.    Smith v. Butler, 48 Mo. App. 663; Carder v. Primm, 64 Mo. App. 92;

Fink v. Ins. Co., 66 Mo. App. 513, 519; George v. Railroad, 57 Mo. App. 358, 365; State v. Taylor, 134 Mo. 109, 157.

ELLISON, J.—Plaintiff, a married woman, was a passenger on one of defendant's trains and was injured in attempting to alight at Harwood, her destination. She recovered judgment in the trial court.

Plaintiff at the time of the accident was about sixty-four years of age and was accompanied on the train by her two granddaughters, one ten and the other six years old. Since the verdict was for plaintiff we will state the facts as the testimony in plaintiff's behalf tends to establish them:

Just before reaching Harwood, it was called out by name by the negro porter, whereupon the plaintiff and the children began to put on their wraps preparatory to leaving the car. As the car stopped, plaintiff arose from the seat and, preceded by her oldest granddaughter and followed by her youngest, started for the door at the end of the car. The child preceding her walked faster and got out with a valise she was carrying. She found the porter on the ground or pavement by the side of the car. He took the valise from her and placed it over a few steps from the car while she walked over to where it was. While she was walking these few steps the plaintiff came out on the platform and started down the car steps to alight. It seems that at about this moment the train began to move out from the station and the porter called to plaintiff, "give me your hands, quick;" that she did so, when they both fell onto the pavement, the plaintiff striking the back of her head violently and doing her an injury from which she has endured, and will continue to endure much suffering.

The charge in the petition is that defendant's servants did not hold the train at a stop for a sufficient length of time to enable plaintiff to safely alight. There was testimony in defendant's behalf that there was abundance of time al-

lowed and that the conductor in giving the signal to move out from the station supposed every one for that station had left the car. But, as we have stated, we can not now regard the testimony for defendant on controverted points, since they have been adversely determined by the jury.

The instructions which were given for plaintiff and defendant covered the case so completely that there is no just ground to say that the jury did not fully understand the issue between the parties. Much of the complaint made by defendant is not that the instructions were erroneous, but that the jury returned a verdict in the face of them without obedience to directions therein. There was but one in which there was absolute direction to find for defendant and that was refused. In the light of the facts which we have stated, and which the testimony tended to establish for plaintiff, we need do no more than say it was rightly refused. And in saying this, we also cover much of the objection to the verdict on the ground that it was not responsive to defendant's instructions which were given. The jury simply rejected the hypothesis upon which they were based, as they must necessarily have done if the testimony in plaintiff's behalf was to be credited and reasonable inferences to be drawn from it.

The law is that the carrier must stop and hold its trains at stations a length of time which will be reasonably sufficient to enable passengers to alight. If plaintiff started to leave the car, walked down the aisle and out at the door, as stated by her and by her granddaughter, then the jury drew the very reasonable inference that the stop was not sufficient in time to allow her a reasonable chance to get off.

Nearly all of the instructions bear upon this question. All of defendant's were given save number ten. It was properly refused because fully covered by the others. In saying all were given except number ten, we have not overlooked the fact that a slight modification was made of num-

bers eleven and twelve. The former was properly amended by inserting the word, "alone." In the latter it was asserted that plaintiff could not recover if the train started while she was in the act of getting off, unless defendant's servants knew she was in the act of getting off. The court added the words, "or by the exercise of reasonable care could have known." In the light of the evidence this qualification was not improper. The conductor was not on the car when he gave the signal to move out. He was up toward the head of the train and could not see who might be in the act of getting off the car on which plaintiff was. He depended much on the porter for information from that point. Yet he gave the signal to move out without any sign from the porter that every thing was right. Furthermore, the porter testified that the conductor was walking up towards the engine with his back towards the car where he was when he gave the signal. We think that under such circumstances, while the conductor may not have known plaintiff was alighting, he might have known it had he taken precaution to look, or to await a warning from the porter.

Objection was taken to plaintiff's instruction on the measure of damages which is in the words following: "You are instructed that if you find for the plaintiff, in arriving at the amount of your verdict you may take into consideration:

"First: The pain of body and mind and physical disability, if any, which the evidence shows plaintiff has actually suffered by reason of the injuries.

"Second: If you find from the evidence that the injuries are permanent, then you may take into consideration the pain of body and mind, if any, and permanent disability, if any, which the evidence shows she will suffer in the future by reason of the injuries.

"And you may allow such a sum as you may believe from the evidence will be a reasonable and just compensa-

tion for such injuries, not exceeding, however, the sum of $1,999."

It is said that by the use of the words, "physical disability," and "permanent disability," the jury was permitted to consider such damages as are allowed to her husband only. The husband is allowed to recover for the loss of the wife's services, and she can not include in her damage any loss of time wherein she might have rendered him service. But that will not prevent her from recovering for all those things which injure her, apart from a mere loss of service and society to which the husband is entitled. Physical disability is a personal loss apart from being a deprivation of a money-earning power.

In Plummer v. Milan, 70 Mo. App. 598, and later in Wallis v. Westport, we held it improper to direct an allowance of damages for a married woman's inability to perform her ordinary avocations of life. But this does not prevent her recovering for a physical disability which may perhaps be a constant source of discomfort, inconvenience and annoyance. It is not an element of damage to her if she is unable to leave her chair or bed?

Objection was made to remarks of counsel in his argument to the jury. He was reprimanded by the court and the jury directed not to heed them. They were not of such nature as to work incurable injury to defendant and we reject the point made on this head. The remarks objected to related to the failure of defendant to call a certain party as a witness. If they were improper at all they were not of that serious nature as to outlive in the minds of the jury, their condemnation by the court.

An examination of the entire record leaves us without cause to disturb the judgment and it is accordingly affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.