## BRIDGET CLARK, Appellant, v. CITY OF BROOK-FIELD, Respondent.

### Kansas City Court of Appeals, December 1, 1902.

1. **Municipal Corporations:** DEFECTIVE SIDEWALK: NOTICE: EVIDENCE: INSTRUCTION. Direct evidence is not the only way whereby knowledge of a defect in a sidewalk may be shown, but notice thereof may be shown by reasonable inference from other facts; and an instruction telling the jury there was no evidence of actual notice to the authorities of the city is condemned on the testimony in this case, and the more so since the instruction, when taken with others, tended to confuse the jury on an important issue.

2. ———: ———: ———: RECOVERY: INSTRUCTION. An instruction relating to the elements constituting a city's liability for injuries arising from a defective sidewalk, which permitted the verdict for the defendant if the jury believed the city authorities did not know of the defect but might have known thereof if they had been diligent, is condemned especially when taken in connection with other instructions.

3. **Evidence:** OPINION OF WITNESSES: SUGGESTION FOR AN-
OTHER TRIAL. It is suggested that at another trial the wit-
nesses be kept within the rules announced in Eubanks v. Edina, 88
Mo. 650.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,*
Judge.

REVERSED AND REMANDED.

*H. K. & H. J. West* for appellant.

(1) Defendant's first instruction required the
plaintiff to prove that the defendant's officers, whose
duty it was to inspect and repair sidewalks, knew of
the defective condition of the sidewalk, and that there-
after defendant's said authorities had time to repair
the defect before the accident. This is not the law.
The law is that if the defendant knew of the danger-
ous condition of the sidewalk, or by the exercise of
reasonable diligence could have known of its danger-
ous condition in time to have repaired the same by the
exercise of reasonable diligence before the injury, then
the defendant is liable. Carrington v. St. Louis, 89
Mo. 208; Rusher v. Aurora, 71 Mo. App. 418; Eubank
v. Edina, 88 Mo. 650; Fritz v. Kansas City, 84 Mo. 632;
Shipley v. Bolivar, 42 Mo. App. 401; Barr v. Kansas
City, 105 Mo. 550; Harris v. Chillicothe, 89 Mo. 233. (2)
By defendant's instruction No. 7, the jury were told
that there was no evidence of actual notice to the au-
thorities of the defendant city of any defect in its side-
walk. In the face of this evidence it can not be said
that there is no evidence that the city authorities had
actual notice of the defect complained of. Evidence
that the defect had existed for a considerable length
of time is evidence of notice. Boxberger v. Kansas
City, 68 Mo. App. 412; Fritz v. Kansas City, 84 Mo.
632; Carrington v. St. Louis, 89 Mo. 208; Cropper v.
Mexico, 62 Mo. App. 385; Barr v. Kansas City, 105

Mo. 550; Market v. St. Louis, 56 Mo. 189; Russell v. Columbia, 74 Mo. 480. (3) The court erred in permitting the defendant's witnesses to testify that in their opinion the sidewalk was good. Eubank v. Edina, 88 Mo. 650; Shoe Co. v. Bain, 46 Mo. App. 581; King v. Railroad, 98 Mo. 235.

*A. W. Mullins, H. P. Lander* and *C. K. Hart* for respondent.

(1) A careful reading of the first instruction asked by the respondent and given by the court discloses that the contentions of the appellant regarding the same are not well founded. Henschen v. O'Bannon, 56 Mo. 289; Porter v. Harrison, 52 Mo. 524; Rielly v. Railroad, 94 Mo. 600. (2) Instructions which are incomplete may be supplemented by other instructions. State v. Gregory, 30 Mo. App. 582; Railroad v. Vivian, 33 Mo. App. 583; Wetzell and Griffith v. Wagoner, 41 Mo. App. 509; Harrington v. Sedalia, 98 Mo. 583. (3) There was no error in giving instruction number seven on the part of the respondent. (4) The additional abstract filed by the respondent clearly shows that the third contention of the appellant's brief is not warranted by the facts. Elevator Company v. Railroad, 135 Mo. 353; Robertson v. Railroad, 84 Mo. 119; Boot and Shoe Company v. Bain, 46 Mo. App. 581.

ELLISON, J.—Plaintiff brought this action against the defendant city to recover damages for personal injuries received by falling on a sidewalk charged to be out of repair through the negligence of defendant. The judgment in the trial court was for the defendant.

The ground relied upon for reversal relates to error in instructions. By instruction number seven for defendant the jury were told that there was no evidence "of actual notice to the authorities of the city" of the defect in the sidewalk. There was no direct evidence which, in terms, showed any of defendant's officers knew of the defect. But direct evi-

dence is not the only way whereby proof of a fact may be had. It is proper to infer a fact from other evidence. It is legitimate to draw reasonable inferences of a fact from other facts proven. In this case there was evidence tending to show that the hole in the walk had existed for a long space of time. The accident happened in December and one witness stated that the defect had existed during all the fall preceding. Others that it had existed for as long as a month. And one of the city aldermen was shown to reside within seventy-five feet of the place of accident. This was sufficient upon which to base an inference of actual notice. Carrington v. St. Louis, 89 Mo. 208; Boxberger v. Kansas City, 68 Mo. App. 412.

The instruction ought not to have been given for another consideration, viz.: Other instructions in the case, given in behalf of each party, included in the matters submitted the question of knowledge of the defect by defendant as distinguished from negligence in not knowing of it. This would tend to confuse the jury on an important issue.

We are furthermore of the opinion that plaintiff's criticism of defendant's first instruction is well founded. By that instruction the jury were told that before they could find for plaintiff it was necessary to believe four separate things: First, that the walk was unsafe. Second, that its condition was known to defendant, or might have been known if defendant had been duly diligent. Third, that after the defendant "*knew* of such condition," it had time thereafter, before the accident, to repair it. And, fourth, that plaintiff was using due care. "And if the jury believe that *any one* of the elements above mentioned are wanting, then the jury must find their verdict for defendant." Under the express terms of this instruction, if the jury did not believe that defendant knew of the defect, but yet did believe it might have known of it if it had been diligent, they must find for defendant. Connecting such unfortunate wording of that instruction with instruction number seven, above criticised, and it will be seen

that a jury could well conclude that plaintiff had not made a case, simply for the reason that she had not shown knowledge by defendant, regardless of the further question whether defendant ought to have known. Though defendant did not know of the defect, yet if it had existed for such length of time as it might have known, had its officers exercised due and proper diligence, it would still be liable. See authorities collected in plaintiff's brief.

A point is made as to defendant calling for the opinion of witnesses in the examination, and we are cited to Eubank v. City of Edina, 88 Mo. 650, as condemning the practice in a case of this nature. Defendant contends that in point of fact the error was not committed as claimed by plaintiff. At another trial witnesses can be so clearly kept within the rule announced in that case as not to leave it a matter of dispute.

The judgment is reversed and the cause remanded. All concur.

