FANNIE B. ABBITT et vir, Respondents, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**Kansas City Court of Appeals, May 30, 1904.**

1. **PASSENGER CARRIERS:** Negligence: Evidence. In this case it is held proper to send to the jury the question of negligence.

2. ———: ———: Instruction: Question of Law. An instruction set out in the opinion is held not to submit to the jury a question of law and is approved as a correct expression of the law under the evidence.

3. ———: ———: ———: Measure of Care. An instruction relating to the measure of care required of passenger carriers is approved and held not to be misleading.

4. ———: ———: Personal Injury: Measure of Damages. An instruction relating to the measure of damages for a permanent injury while inaccurate in expression is under the circumstances held harmless.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley, I. W. Boulware* and *Edward T. Miller* for appellant.

(1) The first and second instructions given for plaintiff are erroneous. The first submits to the jury a question of law, to be determined by them as a ques-

tion of fact. Cockrell v. McIntyre, 161 Mo. 59. (2) The second instruction given for plaintiff does not confine the jury to the negligence alleged in the petition. It does not limit the jury to the question of whether the car was stopped for plaintiff to alight, and then started while she was alighting. Live Stock Co. v. Hunter, 91 Mo. App. 333. (3) The fifth instruction given for plaintiff, defining the measure of damages, is erroneous in that it allows to the wife an item of recovery which belongs to the husband alone. Furnish v. Railroad, 102 Mo. 669; Voorhies on Dam., sec. 152; Watson on Pers. Inj., sec. 500; Callen v. Railroad, 84 Mo. App. 347; Waller v. Westport, 82 Mo. App. 522; Plummer v. Milan, 70 Mo. App. 602.

*D. P. Bailey, T. Ansel Boulware, Richard F. Ralph* and *Barclay & Fauntelroy* for respondents.

(1) The instructions as to liability were in accord with the latest rulings in Missouri. Dawson v. Transit Co., 76 S. W. 689; Batten v. Transit Co., 76 S. W. 727. (2) The instructions as to permanent injury to the wife as plaintiff were correct and the damages reasonable. Chilton v. St. Joseph, 143 Mo. 192; Cullar v. Railway, 84 Mo. App. 340; Hickey v. Welch, 91 Mo. App. 4.

SMITH, P. J.—This is an action by plaintiffs against defendant to recover damages for personal injuries received by one of the former, Fannie B. Abbitt, in consequence of the negligence of the latter. The negligence for which plaintiffs claim liability is alleged in the petition in this way: ''That whilst said Fannie B. Abbitt was in the act of alighting from defendant's said car at or near the intersection of Broadway (or Fifth street) and Bremen avenue, in said city, where said car had stopped to permit said Fannie to alight, said defendant violated its said agreement and its duty

to said plaintiff, Fannie, in the premises, in this, that defendant carelessly and negligently caused the said car then and there to start forward with a sudden movement, so that the said Fannie B. Abbitt, while so alighting from said car, was thrown to the ground in said street.''

The injury resulting therefrom is alleged to be that plaintiff, Fannie B. Abbitt, fractured her elbow and right jaw, her nervous system was greatly shocked, and that she was otherwise seriously and permanently hurt. And it may not be out of place to here state that the testimony of the physician and surgeon who was called to attend her fully sustained this last allegation of the petition.

The answer contained a general denial which was supplemented with a plea of contributory negligence.

The testimony of the plaintiff and her companion, Miss Silvey, amply and fully supported the allegation of the petition in respect of the negligence. They both testified that the car in which they were riding was one of the defendant's summer cars and had a running board along its sides so that passengers could safely enter or leave it—the car—at the sides as well as the ends. They further testified that when the car approached Bremen avenue—an intersecting street—they pressed the button signal to the conductor to stop it there, and that it was accordingly stopped; and that as the plaintiff was in the act of leaving it—after she had raised up out of her seat and was holding on to the stanchion, with one foot on the floor of the car and the other on the running board, preparatory to stepping down—the car was given a forward motion with a quick sudden jerk by which plaintiff lost her grip on the stanchion and was thrown down upon the granite-paved street and hurt. An examination of the record has convinced us that the evidence adduced by the plaintiff was ample to establish a prima facie case entitling

her to a submission of it to the jury. It is quite true that the testimony of the defendant's conductor and that of other witnesses was at variance with that given for plaintiff, but the case is not that where there was such a lack of evidence as to justify any court, trial or reviewing, in declaring as a matter of law that the plaintiff was not entitled to recover, but was rather one for the "twelve" to determine.

The principal questions brought before us by the appeal relate to the action of the court in giving certain instructions requested by plaintiff. Defendant insists that the court erred in giving the plaintiff's first instruction which told the jury "that if they believe from the evidence that on or about August 6, 1902, the plaintiff, Mrs. Abbitt, was a passenger upon one of defendant's street cars running north on Broadway street in the city of St. Louis and had paid her fare; and that said car stopped at Bremen avenue, or near that point, for the purpose of permitting said Mrs. Abbitt to alight therefrom, and that while she was in the act of alighting from said car, the said car was without warning started forward, with a sudden movement which caused Mrs. Abbitt to be thrown to the ground and injured, while she as exercising ordinary care on her part; and if you further find and believe from the evidence that said sudden movement of said car was directly produced by the defendant's agent or employee in charge of the movement of said car, and that his said act in so causing the said car to be suddenly started, as aforesaid, amounted to a want of such care as devolves on a carrier of passengers (as defined in another instruction); and that as a direct consequence of such omission of such care by said agent of defendant, Mrs. Abbitt received injury, then your verdict should be for the plaintiffs."

The defendant's objection to this instruction is to the effect that the court by it submitted a question of law to the jury to be determined by it as question of

fact. We must think the defendant's objection hyper-critical. Any fair reading of the instruction must dispose of its objection. It told the jury about as plainly and clearly as was possible to tell them in our vernacular language that if it found from the evidence the facts therein hypothesized—*id est*, the constitutive facts alleged in the petition—that there was liability and to so determine. We can not think that Cockrell v. McIntyre, 161 Mo. 59, supports the defendant's insistence here. It seems to us that it would be quite difficult, if not impossible, to embody in an instruction a more accurate expression of the law as applicable to any given case than that embodied in that of plaintiff. Dawson v. Transit Co., 76 S. W. 689; Batten v. Transit Co., 76 S. W. 727.

The defendant further objects that the court erred in giving the plaintiff's second, which further told the jury that if it believed from the evidence, "that the defendant had received and accepted the plaintiff, Mrs. Abbitt, as a passenger for hire, and that she had paid her fare upon the car mentioned in evidence as the car on which she was riding prior to her alleged injury; and if you further find from the evidence that defendant was operating said car then and there as a carrier of passengers for hire, then the degree of care which the employee of defendant in charge of the movement of said car was bound to exercise toward said plaintiff, Mrs. Abbitt, so long as she was upon said car or was in the act of leaving same, was this; defendant and its said employee were bound to operate its said car with the highest practical degree of care of a very prudent person engaged in that business, in the same circumstances as those shown in evidence at, and immediately preceding, the time of the alleged injury to said plaintiff, Mrs. Abbitt. Such degree of care is the measure of care devolving on a common carrier of passengers, as mentioned in other instructions of the court herein." We are unable to uphold defendant's further conten-

tion that this instruction was calculated to mislead the mind of the jury as to the decisive issue which it was called upon to determine.

The instructions given for the plaintiffs and defendant in their entirety submitted every issue in the case to the consideration of the jury so clearly and explicitly that there was no room left for a mistake of duty by it.

The plaintiffs' fifth instruction still further told the jury, amongst other things, that in assessing the damages it was authorized to allow "a reasonable compensation for any permanent injury or impairment of her strength if any" caused to her as a direct result of the acts complained of, etc. Under our ruling in Cullar v. Railway, 84 Mo. App. 345, this instruction would seem to be correct in expression. And to the same effect is Chilton v. St. Joseph, 143 Mo. 192. In the light of some of the authorities cited in the brief of defendant, it may be that this instruction is inaccurate in expression and that by it the jury in estimating the damages were authorized to take into consideration an element for which the husband alone could recover; yet, in view of the extent and nature of the plaintiff Fannie's injuries and the moderate amount of the verdict—$1,600 —we do not think the judgment should be disturbed. Ross v. Kansas City, 48 Mo. App. 440.

It appears to us that a judgment so manifestly just should be upheld, even if the giving of the plaintiffs' fifth instruction in the particular pointed out was of doubtful propriety. And, accordingly, it is ordered to be affirmed. All concur.